# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2021

Lyle W. Cayce
Clerk

No. 20-11241
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MACARIO ANDREW GOMEZ, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-26-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Macario Andrew Gomez, Jr., appeals his within-guidelines sentence of 97 months of imprisonment and four years of supervised release imposed following a guilty plea conviction for possession with intent to distribute five

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11241

grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii).

Gomez argues that the district court violated his Sixth Amendment rights on the basis that the drug quantity should have been found by a jury beyond a reasonable doubt because, even if it did not affect the maximum or minimum mandatory sentences set forth in § 841, it affected "the maximum and minimum reasonable sentence." He concedes, however, that his claim is foreclosed by *United States v. Tuma*, 738 F.3d 681 (5th Cir. 2013), but wishes to preserve his claim for further review. The Government has moved, unopposed, for summary affirmance or, alternatively, for an extension of time to file its brief.

The judicial factfinding influenced only the advisory guidelines range and did not alter the mandatory minimum sentence. *See Tuma*, 738 F.3d at 693; *see also United States v. Hinojosa*, 749 F.3d 407, 411-13 (5th Cir. 2014). Consequently, as Gomez concedes and the Government asserts, his argument is foreclosed, such that "there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), and summary affirmance is proper.

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.